IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN W. TALBOT,

       Petitioner,      ORDER

 v.

                    08-cv-561-slc

LARRY L. JENKINS, Warden,
Redgranite Correctional Institution,

       Respondent.

---

  Petitioner John Talbot, an inmate at the Redgranite Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5 filing fee. The petition is before the court for preliminary review pursuant to 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases; *see also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993) (court may dismiss petition summarily without reviewing record if petition "raises a legal theory that is indisputably without merit").

  The subject of the petition is petitioner's June 17, 2003 conviction in the Circuit Court for Wood County for homicide by use of a vehicle while intoxicated. Petitioner asserts that he is in custody in violation of the laws and constitution of the United States because his no contest plea was not knowingly, voluntarily or intelligently made. Specifically, petitioner claims that 1) the state breached the plea agreement by altering it after he had signed it; 2) the altered plea agreement was ambiguous; 3) his trial counsel was ineffective for not explaining the plea agreement, ascertaining whether petitioner understood it and altering it after petitioner had

signed it; 4) the trial court failed to "indulge every reasonable presumption against waiver" and require that he "affirmatively show" that he had knowingly waived his rights in the plea agreement; and 5) his appellate counsel was ineffective for failing to raise his first three claims or fully develop his fourth claim on appeal.

A review of the state court of appeals' decision indicates that petitioner presented his fourth claim to the state court of appeals. Dkt. 1 at 14-16. The court addressed the claim on the merits, concluding that the circuit court did not fail to comply with its duty during the plea colloquy. Therefore, petitioner has exhausted that claim, which is sufficient to require a response from the state.

However, it appears that petitioner failed to present his remaining claims to the state courts either on direct appeal from his conviction or in his postconviction motion. When the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). The procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." *O'Sullivan v. Boerckel*, 526 U.S. 838, 854 (1999) (Stevens, J., dissenting). Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either 1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or 2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the

federal question and adequate to support the judgment. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). Petitioner's case falls under the first category.

In Wisconsin, "[c]laims of ineffective assistance of trial counsel or whether grounds exist to withdraw a guilty plea cannot be reviewed on appeal absent a postconviction motion in the trial court." *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 678-83, 556 N.W. 2d 136, 138-40 (Ct. App. 1996). Petitioner apparently raised his claims in the trial court in a postconviction motion. He refers to a postconviction motion and *Machner* hearing. Further, in its decision, the appellate court noted that petitioner was appealing his conviction and the denial of a postconviction motion, in which he had sought to withdraw his plea on the ground that he did not understand the plea agreement. However, petitioner admits in the petition that he failed to raise claims 1-3 and 5 on appeal. The appellate court decision also shows that the only issue that petitioner raised on appeal was whether a circuit court taking a no contest plea specifically must determine the defendant's understanding of the plea agreement. Dkt. 1 at 14-15.

Under Wisconsin law, a defendant who fails to raise a claim on direct appeal is barred from raising that claim in a later motion unless the defendant can show a "sufficient reason" for his failure to raise the claim in his direct appeal. Wis. Stat. § 974.06(4); *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181, 517 N.W. 2d 157, 162 (1994). Petitioner blames his appellate counsel for not raising all of his current claims on appeal. Ineffective assistance of counsel can constitute a sufficient reason for not raising an issue on direct appeal or in an original postconviction motion. Where the defendant contends that his lawyer erred by failing to raise on appeal claims of trial error that were preserved in the appellate record without the necessity

3

of a postconviction motion, the defendant may file a petition for a writ of habeas corpus in the state court of appeals. *Rothering*, 205 Wis. 2d at 683-84; *State v. Knight*, 168 Wis. 2d 509, 522, 484 N.W. 2d 540, 545 (1992). If, however, the lawyer's alleged error was failing to preserve issues for appeal that required the filing of a postconviction motion in the trial court, the defendant must present that claim to the trial court by filing either a petition for habeas corpus or a postconviction motion under Wis. Stat. § 974.06. *Rothering*, 205 Wis. 2d at 681.

It appears that petitioner has never presented a claim of ineffective assistance of appellate counsel to the state courts. Thus, there are still avenues of relief available to petitioner in the state courts through which he could present his claim that his appellate or postconviction lawyer was ineffective. The fact that the state courts are not likely to rule in petitioner's favor does not dispose of the exhaustion requirement. *See Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995); *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993).

When a petitioner raises claims that have not been exhausted in state court and state remedies remain available, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). After exhausting his claims in state court, the petitioner may then re-present his claims to the federal court in a new habeas petition, assuming he does so within the one-year limitations period prescribed by 28 U.S.C. § 2244(d). *Rhines*, 544 U.S. at 275. Federal district courts must dismiss a petition, like petitioner's, that presents a mix of exhausted and unexhausted claims. *Rose*, 455 U.S. at 510. Alternatively, the petitioner may choose to amend his petition and delete the unexhausted claims, proceeding solely on the exhausted claims. *Id.* at 520. Before dismissing the petition, I will give petitioner the opportunity to

decide whether he would prefer to abandon his unexhausted claims (1-3 and 5) and proceed solely on Claim 4.

In deciding which course of action to pursue, petitioner should consider the following. If petitioner decides to give up his unexhausted claims and present only the one that he has already exhausted, he is not likely to be able to raise the unexhausted claims in a subsequent federal habeas petition. *See Lundy*, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ). That said, petitioner should also consider that his chances of success on his unexhausted claims are slim unless he can support his conclusory allegations of ineffective assistance of counsel with specific facts showing prejudice as required under *Strickland v. Washington*, 466 U.S. 668, 691 (1984) (error by counsel, even if professionally unreasonable, does not warrant setting aside criminal judgment if error had no effect on judgment).

Another factor to consider is the statute of limitations for filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1)(A), a petitioner has one year from the date his judgment became "final" in which to file a federal habeas petition. The Court of Appeals for the Seventh Circuit has held that the one-year statute of limitations does not begin to run under §2244(d)(1)(A) until the expiration of the 90-day period in which the prisoner could have filed a petition for a writ of certiorari with the United States Supreme Court. *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002). Petitioner had ninety days following the entry of judgment by the Supreme Court of Wisconsin, or until January 8, 2008, to file a petition for certiorari in the

United States Supreme Court. Because petitioner did not file such a petition, his federal statute of limitations began to run on January 9, 2008.

The time during which the petition has been pending in this court does not toll the one-year statute of limitations. *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002); *Jones v. Berge*, 101 F. Supp. 2d 1145, 1150 (E.D. Wis. 2000). However, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for *State* post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count against the one-year statute of limitations for filing a federal habeas action. (Emphasis added). This means that as soon as petitioner "properly files" a habeas petition or postconviction motion in the state courts (should he choose to do so), his federal habeas clock will stop and will remain stopped during the entire time that the motion is "pending." An application for postconviction relief is "properly filed" under § 2244(d)(2) if its delivery and acceptance are in compliance with the state's applicable laws and rules governing filings. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Once an application has been "properly filed," it is "pending," and it continues to be "pending" during the period between one court's decision and a timely request for further review by a higher court. *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000). In other words, the period between the time petitioner might file a postconviction motion in the proper state court and the time he would receive a final decision from the Wisconsin Supreme Court (which he must do, in order to satisfy the exhaustion requirement, *see O'Sullivan*, 526 U.S. at 847) would not count against his federal habeas clock, so long as petitioner did not miss any deadlines for filing an appeal or petition for review. *See Fernandez*, 227 F.3d at 979-80.

6

There were 105 days remaining on petitioner's habeas clock as of September 25, 2008, the date he filed his petition. Because this affords petitioner enough time within which to file an appropriate motion in state court and to file a new habeas petition in this court after he exhausts his appeals in the state court, I would not be inclined to stay the instant habeas application while petitioner exhausts his state court remedies. *See Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000) (noting that district courts have discretion to stay habeas corpus action while prisoner exhausts state court remedies if dismissal could jeopardize timeliness of collateral attack); *Tinker v. Hanks,* 172 F.3d 990, 991 (7th Cir. 1999) (same), cert. granted, judgment vacated on other grounds, 531 U.S. 987 (2000), judgment reinstated on remand, 255 F.3d 444 (7th Cir. 2001); *Post v. Gilmore*, 111 F.3d 556, 557 (7th Cir. 1997). Although petitioner has enough time, it is not a lot. Because petitioner will need to make sure there is enough time remaining on his federal clock within which to prepare and file a new federal habeas petition after he gets a decision from the Wisconsin Supreme Court, he will need to act promptly in making the necessary filings in state court. When deciding between pursuing his unexhausted claims in state court or amending his petition to include solely the exhausted claim, petitioner should consider whether he realistically will be able to take the steps necessary to exhaust his claims without jeopardizing the timeliness of a future federal habeas petition.

In sum, if petitioner chooses to pursue his unexhausted claims in state court, this court will dismiss the petition without prejudice for his failure to exhaust his state court remedies, pursuant to *Rose v. Lundy*. If petitioner chooses instead to amend his petition to delete the unexhausted claims, this court will order the state to respond to Claim 4.

ORDER

IT IS ORDERED that petitioner John Talbot has until October 13, 2008, within which to advise the court whether he wishes to pursue his unexhausted claims in state court, or whether he prefers to amend his petition to delete the unexhausted claims and proceed solely on the exhausted claim.

Entered this 29th day of September, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge